IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTCHETT, PITRE & McCARTHY and SPILLER • McPROUD, | |
| Appellants, | No. CIV S-10-779 KJM |
| vs. | |
| CHARLES W. SILLER, | |
| Appellee, | |
| _____/ | |
| COTCHETT, PITRE & McCARTHY and SPILLER • McPROUD, | |
| Appellants, | No. CIV S-10-0780 KJM |
| vs. | |
| CWS ENTERPRISES, Inc., a California Corporation, | ORDER |
| Appellee, | |
| _____/ | |

Appellant Spiller • McProud has sought leave to pursue an interlocutory appeal of the bankruptcy court's order permitting an objection to a pre-petition claim for attorney's fees which has been reduced to a state court judgment. The court heard argument on the substance of the appeal on April 6, 2011.

/////

1

Under 28 U.S.C. § 158(a), a district court has discretion to hear interlocutory appeals from the bankruptcy court. *See also* Fed. R. Bankr. P. 8001(b). Such appeals are proper when refusal to hear the appeal would result in wasted litigation and expense, the appeal involves a controlling question of law which is not firmly settled and the appeal would advance the ultimate termination of the litigation. *In re Linda Vista Cinemas, L.L.C.*, 2011 WL 1743312, at *2 (D. Ariz. 2011) (citing, *inter alia*, *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. 1994)). Each of these factors is present in the instant case: if the judgment has preclusive effect on the question of reasonable fees, there will be no need for further proceedings to address the question, which will, in turn, promote earlier termination of the proceedings. Moreover, as the bankruptcy judge noted, this issue has not been resolved before the instant decision.

IT IS THEREFORE ORDERED that appellants' motion for leave to appeal (ECF No. 6) is granted. An order resolving the merits of the appeal is being issued concurrently.

DATED: May 9, 2012.

_____
UNITED STATES DISTRICT JUDGE